## Rosche v. McCoy

*Chester B. Scholl*, for plaintiff.

*William Joyce*, for defendant.

RODGERS, P. J., January 2, 1957.—This matter comes before the court on defendant's preliminary objections to plaintiff's complaint in trespass.

The complaint describes precisely the place of the accident and then proceeds to allege as to the negligence of defendant the following items:

(a) In failing to have his said automobile under proper and adequate control.

(b) In traveling at a high and excessive rate of speed at the time and place aforesaid. .

(c) In failing to regard the rights and safety of minor plaintiff and others lawfully using the highway at the point aforesaid.

(d) In failing to keep his motor vehicle under such control as is required by The Vehicle Code of May 1, 1929, P. L. 905.

Defendant contends that this is not such a statement of "The material facts on which a cause of action . . . is based" as is required by rule 1019 (a) of the Pennsylvania Rules of Civil Procedure.

We agree.

In Lipinsky v. Graham, 88 D. & C. 156, this court stated the view that such general allegations standing alone were not sufficient to support a complaint in the face of a motion for more specific pleading. What is required? It is such a statement of the material facts as will indicate to defendant just how he failed to meet the standard required under the circumstances. The general allegations set out in this complaint do not meet that test. The motion for a more specific pleading will be granted. As we said in Lipinsky v. Graham: "The better rule seems to simply enforce the ancient requirements that defendant be informed of the problems which he is to face at the trial".

*Order*

And now, this January 2, 1957, it is hereby ordered, adjudged and decreed that the motion for a more specific pleading is granted and that plaintiff file a more specific complaint consistent with the foregoing opinion.